**UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------------X
ARGYRO LEODIS,

                      **COMPLAINT**

          *Plaintiff*,

                      **JURY TRIAL DEMANDED**

     -against-

CROSS-SOUND FERRY SERVICES, INC.

          *Defendant*.
-----------------------------------------------------------------------------X

  Plaintiff, ARGYRO LEODIS, through her attorneys, Michael Manoussos & Co PLLC, respectfully alleges at all times herein upon information and belief the following:

## BASIS FOR JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. § 1332, this action in controversy involves diversity of citizenship. Plaintiff, ARGYRO LEODIS, is a resident of Suffolk County, New York and Defendant, CROSS-SOUND FERRY SERVICES, INC., incorporated in the State of Connecticut, has its principal place of business in New London, Connecticut.

2. This Court also has jurisdiction pursuant to 28 U.S.C. § 1333 as this action stems from a maritime personal injury.

3. Venue of this action in the Eastern District of New York is proper pursuant to 28 U.S.C. § 1391 as Plaintiff's accident occurred in the Eastern District of New York, and the contract of passage between Plaintiff and Defendant calls for venue in the United States District Court for the Eastern District of New York.

## JURY DEMANDED

4. Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff is an individual who was and is a resident of the County of Suffolk, State of New York.

6. Defendant, CROSS-SOUND FERRY SERVICES, INC, a New York foreign corporation, is duly incorporated, organized and existing by virtue of the laws of the State of Connecticut, with its principal place of business located at 2 Ferry Street, New London, Connecticut 06320.

## TYPE OF CASE

7. This is a personal injury action that arose onboard a ferry vessel during inland water passenger transportation. It occurred on or about May 30, 2021, at approximately 11:00am, on board Defendant's vessel, Cape Henlopen ("Vessel"), enroute from Orient Point, New York to New London, Connecticut.

8. It is alleged that Defendant negligently decided to embark upon said transport at a time certain when it did and negligently navigated said Vessel in turbulent waters and weather and negligently failed to warn or caution its passengers of the same and negligently failed to provide proper safety fixtures, safeguards and precautions on board said Vessel for its passengers.

9. Defendant's aforementioned negligence caused Plaintiff to sustain injuries.

## AS AND FOR A FIRST CAUSE OF ACTION - NEGLIGENCE

10. At all times material hereto, Defendant owned said Vessel.
11. At all times material hereto, Defendant possessed said Vessel.
12. At all times material hereto, Defendant managed said Vessel.
13. At all times material hereto, Defendant controlled said Vessel.
14. At all times material hereto, Defendant maintained said Vessel.
15. At all times material hereto, Defendant operated said Vessel.
16. At all times material hereto, Defendant navigated said Vessel.

17. Plaintiff purchased a ticket for inland water passenger transportation from Orient Point, New York to New London, Connecticut on May 30, 2021.

18. Plaintiff was a passenger onboard said Vessel for inland water transportation from Orient Point, New York to New London, Connecticut on May 30, 2021.

19. On May 30, 2021, said Vessel did at a time certain embark upon its said transport and while in turbulent or unnavigable waters, Plaintiff was caused to sustain injuries due to the Defendant's failures of safety warnings or precautions, the unsafe condition and lack of safety fixtures of said Vessel and the negligence of the Defendant, and its Captain, Mate and or crew members, in the operation, control, supervision, management and or maintenance of said Vessel with passengers onboard without any passenger or this Plaintiff contributing in any manner thereto.

20. Solely by reason of the negligence of Defendant, as set forth above, Plaintiff sustained personal injuries and was caused to obtain emergency hospital treatment and continued medical care and attention and sustained pain and suffering that continues hereto.

## AS AND FOR A SECOND CAUSE OF ACTION
## BREACH OF TICKET CONTRACT & DUTY AS COMMON CARRIER

21. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully restated herein.

22. On May 30, 2021, Defendant, in consideration for a stipulated fare, undertook and agreed pursuant to its ticket contract with the Plaintiff, to transport Plaintiff safely upon its Vessel, from the port of commencement to the port of discharge.

23. On May 30, 2021, Defendant, in consideration for a stipulated fare, undertook and agreed as a common carrier of inland water passenger transportation, to

transport Plaintiff safely upon its Vessel, from the port of commencement to the port of discharge.

24. Plaintiff paid the consideration demanded by Defendant, and performed all obligations required under the terms of the passenger contract.

25. Defendant failed and neglected to safely transport Plaintiff as required by the ticket contract and as a common carrier, thus breaching the contract of passage and its duty as a common carrier.

26. As a direct consequence of Defendant's failure to perform its obligations of customer safety under the passenger ticket contract and as a common carrier, Plaintiff was injured as previously described.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

27. Awarding compensatory and special damages to Plaintiff.

28. Awarding Plaintiff judgment against Defendant in a sum that exceeds the jurisdictional threshold of $75,000.00.

*Dated*: September 14, 2021
Kew Gardens, New York

*Yours, etc.*
MICHAEL MANOUSSOS & CO PLLC

*Michael Manoussos*
MICHAEL MANOUSSOS
80-02 Kew Gardens Road, Suite 901
Kew Gardens, New York 11415
(718) 454-8888
mm@mmlaw-pllc.com